IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

DONNA MARIE ROBINSON,

    Plaintiff,

v.                              No. 15-1053

HSBC MORTGAGE SERVICES, INC.;
SHAPRIO & INCLE, LLP; and
MARINOSCI LAW GROUP, PC,

    Defendants.

_____

ORDER REJECTING IN PART REPORT AND RECOMMENDATION,
DISMISSING SHARIPO & INCLE, LLP, AS A DEFENDANT, AND
DIRECTING PLAINTIFF TO SHOW CAUSE WHY CASE
SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE
_____

Acting *pro se*, Plaintiff, Donna Marie Robinson, brought suit in this Court against Defendants, HSBC Mortgage Services, Inc. ("HSBC"); Shaprio & Incle, LLP ("Shapiro"); and Marinosci Law Group, PC ("Marinosci"), on March 16, 2015. (Docket Entry ("D.E.") 1.) In her complaint, Robinson alleged various violations of her rights under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p, and that Defendants did not comply with certain consent orders HSBC, or a related entity, entered into with the Office of the Comptroller of the Currency. (D.E. 1 ¶¶ 29–48.) Shapiro filed a motion to dismiss for Plaintiff's failure to state a plausible claim for relief against it on April 30, 2015. (D.E. 13; D.E. 14.) HSBC and Marinosci filed answers on March 7, 2015, and March 15, 2015, respectively. (D.E. 16; D.E. 17.)

On May 18, 2015, the United States Magistrate Judge set a scheduling conference for June 10, 2015. (D.E. 18.) Two days before the conference, Robinson filed a "notice of voluntary nonsuit" attempting to exercise her right to have her case dismissed without prejudice pursuant to

Rule 41(a) of the Federal Rules of Civil Procedure[1] and Rule 41.01 of the Tennessee Rules of Civil Procedure. (D.E. 22.) Plaintiff did not appear for the scheduling conference, and HSBC's attorneys informed the magistrate judge that they had made several recent attempts to reach her but to no avail. (D.E. 24.) In a minute entry on the docket, the magistrate judge indicated that Plaintiff's notice of voluntary nonsuit "d[id] not comply with [Rule] 41" of the Federal Rules of Civil Procedure, and stated that, "[b]ased on all the factors as well as [Robinson's] non-appearance at today's scheduling conference, about which she received prior notice from the Court, the Magistrate Judge hereby makes a **REPORT AND RECOMMENDATION** to the District Judge that the case be dismissed *with* prejudice." (*Id.* (emphasis in original).)[2] Defendants' attorneys were directed "to submit a proposed agreed order of dismissal to the Court." (*Id.*) Such an order was submitted to this Court's Case Management and Electronic Case Files ("CM/ECF") e-mail inbox on June 25, 2015. But, as Plaintiff has apparently never consented to her claims being dismissed with prejudice, there are serious doubts as to whether the proposed order is, indeed, "agreed" upon.

By enacting 28 U.S.C. § 636, Congress intended "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to [magistrate judges.]" *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)). When a report and recommendation prepared by a magistrate judge concerns a dispositive motion, upon the filing of objections, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly

---

[1] In her motion, Robinson invokes "FRCP 41.1(a)." (D.E. 22 at 1.) The Federal Rules of Civil Procedure do not contain a Rule 41.1. Presumably, Plaintiff intended to refer to Rule 41(a) of the Federal Rules of Civil Procedure, which governs voluntary dismissals in federal court.

[2] The magistrate judge made this report and recommendation pursuant to Administrative Order 2013-05, which, in "cases filed by *pro se* non-prisoner plaintiffs," directs the assigned magistrate judge to manage the pretrial matters and prepare either a determination or a report and recommendation.

objected to." Fed. R. Civ. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* Where no objections have been filed, "the statute does not require the judge to review an issue *de novo*," yet "it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 154 (1985); *see also Arora v. Life Ins. Co. of N. Am.*, No. 12-CV-13773, 2015 WL 1510397, at *1 (E.D. Mich. Mar. 31, 2015) ("[A]s a district judge always retains jurisdiction over a motion after referring it to a magistrate judge, a district judge is entitled to review the magistrate judge's findings of fact and conclusions of law." (citing *Thomas*, 474 U.S. at 154)).

As an initial matter, the Court finds that the better practice is for the magistrate judge to draft a formal document containing the report and recommendation rather than submit a minute entry on the docket, particularly in light of Plaintiff proceeding *pro se*. The statute that governs reports and recommendations states that the magistrate judge should "submit . . . proposed findings of fact and recommendations for the disposition" of a referred matter, that "the magistrate judge shall file his proposed findings and recommendations . . . with the court," and that a copy of the report and recommendation should "be mailed to all parties." 28 U.S.C. § 636(b)(1)(B)–(C). Likewise, Rule 72(b)(1) of the Federal Rules of Civil Procedure states that "[t]he magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact. The clerk must promptly mail a copy to each party." These requirements dovetail with the litigants' right, "[w]ithin 14 days after being served with a copy of the recommended disposition," to "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written

objections to such proposed findings and recommendations as provided by rules of court."). These objections, in turn, facilitate review by the district court. As the Supreme Court has noted, "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas*, 474 U.S. at 147. Moreover, this procedure can be expected to ultimately "result[] in a considerable saving of judicial time." *Id.* at 147 n.6. Thus, the text and structure of § 636(b) and Rule 72(b) appear to contemplate the magistrate judge drafting a formal document laying out the report and recommendation, as well as the underlying reasoning. In this case, because this procedure was not followed and because the docket is unclear as to whether Plaintiff even received notice of the minute entry,[3] she is granted fourteen days from the entry of this order to file objections to the magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2).

As to Robinson's motion for a voluntary nonsuit, she invokes Rule 41.01 of the Tennessee Rules of Civil Procedure, which generally grants a state-court plaintiff "the right to take a voluntary nonsuit to dismiss an action without prejudice by filing a written notice of dismissal at any time before the trial of a cause and serving a copy of the notice upon all parties." But the Federal Rules of Civil Procedure, not the Tennessee Rules of Civil Procedure, "govern the procedure in all civil actions and proceedings in the United States district courts . . . ." Fed. R. Civ. P. 1. While federal courts apply substantive state law when deciding state claims under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), the complaint in this case appears to seek only to vindicate Plaintiff's *federal* rights. "The *Erie* doctrine is simply inapplicable to federal

---

[3] Because Robinson is acting *pro se*, and she is not herself an attorney, she does not receive an automatic email notice of all events on the docket sheet through the CM/ECF system. The docket does not state that she was mailed a copy of the minute entry or a copy of the docket sheet after the entry.

questions." *Borroughs Corp. v. Blue Cross Blue Shield of Mich.*, No. 11-12557, 2012 WL 3887438, at *4 (E.D. Mich. Sept. 7, 2012). Thus, Robinson may not rely on Rule 41.01.

Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure, on the other hand, provides the circumstances under which a plaintiff may take a voluntary dismissal as of right in federal court. The rule states that, with limited exceptions not applicable here, "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A). During that period, "the district court has no discretion to deny such a dismissal." *Eddins v. Summers*, No. 00-5121, 2000 WL 1478355, at *1 (6th Cir. Sept. 27, 2000) (citing *Aamot v. Kassel*, 1 F.3d 441, 443 (6th Cir. 1993)). Where a plaintiff has sued multiple defendants, "it is permissible to voluntarily dismiss just some of the defendants, and the fact that some of the defendants have already answered does not preclude invoking this rule as to other defendants." *Madsen v. Park City*, 6 F. Supp. 2d 938, 943 (N.D. Ill. 1998) (citations omitted); *see also Schafer v. Johanson*, No. 09-10349-BC, 2009 WL 2496943, at *16 (E.D. Mich. Aug. 17, 2009) (holding that a plaintiff's motion for voluntary dismissal was effective as to one of several defendants). "[A] notice of voluntary dismissal is effective at the moment it is filed, and no judicial approval or court order is required." *Rouse v. Caruso*, No. CIV 06-10961, 2007 WL 909600, at *2 (E.D. Mich. Mar. 23, 2007) (quoting *Esquivel v. Arau*, 913 F. Supp. 1382, 1385 (C.D. Cal. 1996)).

Defendants did not stipulate to the voluntary dismissal, and HSBC and Marinosci filed answers prior to Robinson's notice. Accordingly, Plaintiff does not have the ability to take a voluntary dismissal as to HSBC or Marinosci without leave of the court. The same analysis does not apply, however, to Shapiro. Before Plaintiff submitted her notice, the firm filed a motion to

5

dismiss the claims against it under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The filing of a motion to dismiss does not qualify as "serv[ing] either an answer or a motion for summary judgment" for purposes of Rule 41(a)(1)(A). *See Aamot v. Kassel*, 1 F.3d 441, 444 (6th Cir. 1993). As the Sixth Circuit has stated, the language of the rule "unambiguously requires a defendant, in order to make [P]laintiff put h[er] money where h[er] mouth is, to *serve* [P]laintiff with a summary judgment motion or an answer." *Id.* Here, Shapiro never filed either such pleading, so Robinson had the right to voluntarily dismiss her claims against it. As of the filing of the notice, Shapiro was no longer a party to this action. To the extent the magistrate judge's report and recommendation found that Plaintiff's claims against Shapiro should be dismissed *with* prejudice, it is rejected.

Nevertheless, Robinson failed to appear for the June 10 scheduling conference, although "she received prior notice from the Court" of the proceedings. (D.E. 24.) According to Defendants' counsel, Plaintiff never responded to attempts to discuss a proposed scheduling order. From the circumstances of this case, it seems to the Court that Robinson may have filed a notice of voluntary dismissal, believed that the notice was sufficient to dispose of the case in its entirety, and decided to cease litigating her claims in this Court. As previously noted, the notice of dismissal was not effective as to HSBC or Marinosci, so the Court retains jurisdiction over Plaintiff's claims against them. Under Rule 41(b), a district court has discretion to dismiss a case when a plaintiff fails to prosecute its claims. *Bay Corrugated Container, Inc. v. Gould, Inc.*, ___ F. App'x ___, 2015 WL 1529145, at *4 (6th Cir. 2015). Rather than adopting the magistrate judge's report and recommendation on this matter, however, the Court directs Robinson to explain why her failure to communicate with opposing counsel and her absence at the scheduling conference should not result in the dismissal of her case. Failure to respond may be taken by the

6

Court as further indication of a failure to prosecute and may result in dismissal of Plaintiff's remaining claims *with prejudice*.

In sum, as it appears Plaintiff has chosen not to pursue her claims against Defendants, she is hereby DIRECTED to show cause, within fourteen days of the entry of this order, why this matter should not be dismissed for failure to prosecute in accordance with Rule 41 of the Federal Rules of Civil Procedure. Robinson is further advised that failure to file a sufficient and timely response to this directive may result in dismissal of this action in its entirety *with prejudice*. Insofar as the report and recommendation indicates that Plaintiff's notice of voluntary dismissal of her claims against Shapiro was invalid, it is REJECTED. Robinson is granted fourteen days from the entry of this order in which to raise other objections to the magistrate judge's report and recommendation. The Clerk is DIRECTED to remove Shapiro as a party to the action and to mail Plaintiff a copy of this order and of the docket report.

IT IS SO ORDERED this 10th day of July 2015.

s/ J. DANIEL BREEN
CHIEF UNITED STATES DISTRICT JUDGE