IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

DONNA MARIE ROBINSON,

    Plaintiff,

v.                                                            No. 15-1053

HSBC MORTGAGE SERVICES, INC.;
SHAPRIO & INCLE, LLP; and
MARINOSCI LAW GROUP, PC,

    Defendants.

_____

ORDER TO PROVIDE EVIDENCE OF ATTEMPTS TO CONTACT PLAINTIFF
_____

Acting *pro se*, Plaintiff, Donna Marie Robinson, brought suit in this Court against Defendants, HSBC Mortgage Services, Inc. ("HSBC"); Shaprio & Incle, LLP ("Shapiro"); and Marinosci Law Group, PC ("Marinosci"), on March 16, 2015. (Docket Entry ("D.E.") 1.) On May 18, 2015, the United States Magistrate Judge set a scheduling conference for June 10, 2015. (D.E. 18.) Robinson filed a "notice of voluntary nonsuit" seeking dismissal without prejudice two days before the conference. (D.E. 22.) Plaintiff did not attend the conference, and HSBC's attorneys informed the magistrate judge that they had made several recent, unsuccessful attempts to contact her. (D.E. 24.) The magistrate judge submitted a minute entry including a recommendation "that the case be dismissed *with* prejudice." (*Id.* (emphasis in original).) Defendants' attorneys were directed "to submit a proposed agreed order of dismissal to the Court." (*Id.*) Such an order was submitted to this Court's Case Management and Electronic Case Files e-mail inbox on June 25, 2015.[1]

---

[1] The June 10 minute entry generally indicated that Defendants' counsel attempted to contact Robinson, (*see* D.E. 24), and the proposed order clarified that HSBC's attorneys made this representation.

On July 10, 2015, this Court entered an order rejecting the report and recommendation in part, dismissing Shapiro as a defendant in this action, and directing Robinson to show cause why this case should not be dismissed for failure to prosecute. (D.E. 25.) Plaintiff responded on July 24, explaining that she did not attend the conference because she "believed the case was immediately dismissed upon her filing" of the notice of voluntary nonsuit. (D.E. 26 at 1–2.) She further stated that "she has seen no evidence" that Defendants' attorneys had recently attempted to contact her, whether by telephone or email. (*Id.* at 2.)

Although Robinson states that she "prefers not to create controversy over the matter," (*id.*), the Court finds that information related to any attempts to contact Plaintiff would be relevant to determining whether to dismiss this case with prejudice. *See Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (identifying "lack of diligence on the part of the plaintiff in prosecuting the action" as one factor in determining whether to grant a voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2)). Defendants are, therefore, ORDERED to submit, within fourteen days of the entry of this order, evidence related to their counsels' attempts to contact Robinson in connection with the June 10 scheduling conference.

IT IS SO ORDERED this 12th day of August 2015.

                                           s/ J. DANIEL BREEN
                                           CHIEF UNITED STATES DISTRICT JUDGE